**SIGNED THIS: April 04, 2007**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RANDAL L. WHITLOW, | )   No.  06-80329 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

This matter is before the Court on the Debtor's Objection to Claim No. 4-2 filed by

Option One Mortgage/Wells Fargo Bank, N.A. (OPTION ONE).  OPTION ONE holds a

claim secured only by a mortgage on the Debtor's residential real estate.  The Chapter 13

Plan provides for the Debtor, Randal L. Whitlow (DEBTOR), to pay the regular postpetition

mortgage payments as they come due and that the prepetition arrearage of $8,442.00 will

be paid in full through the Plan.

In Claim No. 4-2, OPTION ONE asserts a prepetition arrearage of $11,546.47

itemized as follows:

| | |
|---|---|
| 13 Missed Payments | $ 6,944.47 |
| Late Charges | 347.23 |

| | |
|---|---|
| Escrow Advance | 2,261.77 |
| Foreclosure Costs | 1,223.00 |
| Foreclosure Fees | 770.00 |
| Total | $11,546.47 |

The foreclosure costs include $412 for service of process and $125 for skip trace, property inspection and bankruptcy search. These two costs are the only items in dispute.

An evidentiary hearing was held. The only witness to testify was Tracy Finch, Production Manager at the Elmhurst, Illinois office of Provest, L.L.C. Provest provided the service of process services in the prepetition foreclosure case for OPTION ONE pursuant to its agreement with OPTION ONE'S lawyers. She testified that $102 was charged for serving J.P. Morgan Chase Bank in Indiana. The charges for serving Cheri Whitlow total $115 for two addresses attempted. For service on Randal L. Whitlow, the charges total $195 for three addresses attempted. Ms. Finch also testified that the Rock Island County Sheriff charges $45.33 per summons for service. Provest contracts with a private process server in Rock Island County to actually serve the papers.

The DEBTOR challenges the reasonableness of the service fees and the use of Provest as an unnecessary intermediary that drives up the cost. After reviewing the evidence, the Court finds that a total charge of $412 for serving three defendants, although at the high end of the range, is not unreasonable.

OPTION ONE did not present any evidence supporting the $125 charge. During closing argument, OPTION ONE characterized it as an internal charge assessed by its law firm. In the absence of an evidentiary basis to support the $125 charge, it must be disallowed.

For these reasons, the prepetition arrearage to be paid to OPTION ONE under the

DEBTOR'S Chapter 13 Plan is determined and allowed in the amount of $11,421.47.  This

Opinion constitutes this Court's findings of fact and conclusions of law in accordance with

Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###